F I L E D
CLERK OF COURT

2025 JUN 11 PM 1:50

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JOINER ANES SORAM aka Joyner Soram aka Junior Soram aka "Slim Thug",**<br><br>Defendant. | CRIMINAL CASE NO. **CF0727-22**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 20, 2025, for hearing on Defendant **JOINER ANES SORAM aka Joyner Soram aka Junior Soram aka "Slim Thug"'s** ("Defendant") Motion to Reduce Sentence. Present were Assistant Attorney General Dante CH Harootunian on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender Mary Hill. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On April 14, 2023, Defendant was found guilty by a jury of his peers to Robbery (As a Second Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Defendant was sentenced to five (5) years for Robbery (As a Second Degree Felony), seven (7) years for the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a

Felony attached to the Robbery charge, five (5) years for Aggravated Assault (As a Third Degree Felony), and seven (7) years for the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to the Aggravated Assault charge. *See* Judgment of Conviction (Jury Trial), Jul. 13, 2023. The sentences imposed for the Robbery and Aggravated Assault charges were to run concurrent with each other, and the sentences imposed for the Special Allegations were to run concurrent with each other but consecutive to the underlying felonies. *Id.* In total, Defendant was sentenced to twelve (12) years of imprisonment. *Id.* Defendant appealed and the convictions were affirmed by the Supreme Court of Guam. *See People v. Soram,* 2024 Guam 10.

On April 17, 2025, Defendant filed the instant Motion. On April 29, 2025, the Government filed its Response. On May 20, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

The reduction of a sentence after entry of judgment is governed by 8 G.C.A. § 120.46, which provides as follows:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 G.C.A. § 120.46. The trial court has the discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Maynard,* 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *Id.*

Defendant moves the Court to reduce his incarceration time and to "suspend a portion of the sentence imposed and/or order that any incarceration be served at the Salvation Army Lighthouse Recovery Center." *See* Mot. Reduce at 3, Apr. 17, 2025. Defendant "acknowledges that he needs treatment for substance abuse dependency" and sets forth that it is not possible to

effectuate his "successful rehabilitation back into society if he continues to be confined in isolation without access to any programs, treatment, or means by which he would be able to receive the treatment he needs." *Id.* at 2-3.

Under Guam law, Defendant faces a mandatory minimum term of five (5) years for the Robbery conviction. *See* 9 G.C.A. § 40.20(b) ("the court shall impose a sentence of imprisonment of a minimum term of five (5) years and may impose a maximum term of up to ten (10) years; the minimum term imposed shall not be suspended nor may probation be imposed in lieu of the minimum term nor shall parole or work release be granted before completion of the minimum term."). Defendant also faces a mandatory minimum of five (5) years for the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, which must run consecutive to the underlying felony. *See* 9 G.C.A. 80.37(a)(1) ("in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years"); (c) ("No person convicted and sentenced hereunder shall be eligible for parole or probation until he shall have served at least five (5) years in prison."); and (e) ("The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony"). Thus, at minimum, Defendant must serve at least ten (10) years of incarceration at the Department of Corrections. Accordingly, the Court is unable to grant Defendant's request to serve his incarceration term at the Salvation Army Lighthouse Recovery Center. The Court will order, however, in light of Defendant's interest in treatment and rehabilitation, that Defendant apply for and if accepted, complete the Residential Substance Abuse Treatment ("RSAT") Program at the Department of Corrections. The Court, upon further reflection, will also reduce the sentence imposed for the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony from seven (7) years to five (5) years. This will reduce Defendant's total incarceration time from twelve (12) years to ten (10) years.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Defendant's Motion for Reduction in Sentence. An Amended Judgment will be filed contemporaneously with this Decision and order.

**IT IS SO ORDERED** this 11th day of June, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & PD SC

Date: 6/11/25 Time: 1:54

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

*People v. Soram*
Case No. CF0727-22
Decision and Order